COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Felton, Judges Frank and Powell
Argued at Chesapeake, Virginia


GRAHAM D. TOLLEY

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 2736-08-1          CHIEF JUDGE WALTER S. FELTON, JR.
                                                    SEPTEMBER 29, 2009
LINDA TOLLEY


FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
Walter J. Ford, Judge Designate[1]

Christopher P. Reagan (Dan Miller and Associates, P.C., on brief),
for appellant.

John O. Venner for appellee.


Graham D. Tolley ("husband") appeals from a judgment of the trial court finding Linda

Tolley ("wife") was not cohabitating with Keith Allmond ("Allmond") in a relationship analogous

to marriage in violation of the terms of the parties' 2006 divorce decree. Finding no error, we

affirm the judgment of the trial court.

Husband and wife were divorced on June 29, 2006. The final decree ordered husband to

pay $1,200 per month in spousal support for an undefined period, but provided that support would

terminate if either party died, if wife remarried, or if wife cohabited "with a member of the opposite

sex in a relationship analogous to a marriage." On April 28, 2008, husband filed a notice and

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Judge Designate Randolph T. West presided over the hearing in this matter on October
7, 2008; however, Judge Ford entered the final order denying husband's motion.

motion to amend decree in the trial court requesting that spousal support be terminated due to wife's cohabitation in a relationship analogous to marriage.[2]

Following an ore tenus hearing on October 7, 2008, the trial court denied husband's motion, finding that the evidence established that wife's living arrangements created only the "perception" of cohabitation. It further concluded that there was no evidence that the wife and the man with whom she shared a trailer home held themselves out as husband and wife. It found that the only evidence of cohabitation in a relationship analogous to marriage related to wife's occasional use of her separate Wachovia bank account to pay Allmond's bills from funds given to her for that purpose by Allmond. On October 27, 2008, the trial court entered its order denying husband's motion to terminate spousal support, declaring the spousal support award to wife remained in full force and effect. This appeal followed.

On appeal, we view the evidence in the light most favorable to wife, the prevailing party below. Pellegrin v. Pellegrin, 31 Va. App. 753, 767, 525 S.E.2d 611, 617 (2000) (citing Anderson v. Anderson, 29 Va. App. 673, 677, 514 S.E.2d 369, 372 (1999)). The trier of fact "evaluates the testimony and credibility of witnesses. Thus, a finding of fact, made by a chancellor who has heard the evidence ore tenus, carries the weight of a jury verdict, and will not be disturbed unless plainly wrong or without evidence to support it." Johnson v. Cauley, 262 Va. 40, 44, 546 S.E.2d 681, 684 (2001) (citation omitted).

So viewed, the evidence established that wife suffered from bipolar manic depression and was considered disabled. Following the parties' divorce, her income consisted of $1,200 per month in spousal support and $539 per month in Social Security benefits for her disability. When wife could no longer afford to continue to rent her apartment, she sought to rent a trailer

---

[2] In order to be relieved of his duty to pay spousal support, husband was required to prove wife's prohibited cohabitation by a preponderance of the evidence. See O'Hara v. O'Hara, 45 Va. App. 788, 796, 613 S.E.2d 859, 863 (2005).

home.  Unable to find one, she moved into Allmond's trailer, paying rent of $300 a month. Wife's $300 monthly rent payment covered the trailer lot fee and the water bill.  Allmond paid the remaining utilities and a $400 monthly mortgage payment on the trailer.  Wife and Allmond occupied separate bedrooms and used separate bathrooms.  Wife would write checks to pay Allmond's bills because he did not have a bank account.  Allmond would give wife money to cover the amount of the checks she wrote for his bills.  Wife occasionally drove Allmond's vehicle.

In determining whether the evidence presented at trial established that the prohibited cohabitation had been proven, the trial court applied the factors set forth in Pellegrin.  Those factors are:  (1) sharing a common residence; (2) "intimate or romantic involvement"; (3) provision of financial support; and (4) "duration and continuity of the relationship and other indicia of permanency."  31 Va. App. at 764-65, 525 S.E.2d at 616-17.  "Although the enunciated factors provide discrete categories of evidence relevant to the issue, no one factor is determinative."  Id. at 766, 525 S.E.2d at 617.  A court's findings "must be based upon evidence concerning the overall nature of the relationship, not merely a piecemeal consideration of individual factors."  Penrod v. Penrod, 29 Va. App. 96, 101, 510 S.E.2d 244, 246 (1999). "Furthermore, it is within the province of the trial court to determine what weight to accord each of the factors . . . ."  Pellegrin, 31 Va. App. at 766, 525 S.E.2d at 617.  Applying those principles here, we conclude that the trial court did not err in finding the evidence failed to prove that wife cohabited with a person of the opposite sex in a relationship analogous to marriage.

From the record on appeal, we conclude that the trial court did not err in finding that the evidence failed to show that wife and Allmond "mutually assumed the duties and obligations normally associated with a marriage."  Id. at 767, 525 S.E.2d at 618.  See Frey v. Frey, 14 Va. App. 270, 275, 416 S.E.2d 40, 43 (1998) (holding phrase cohabitation in a relationship

analogous to marriage "means a status in which a man and woman live together continuously, or with some permanency, mutually assuming duties and obligations normally attendant with a marital relationship"). Other than wife's payment of rent to Allmond to share living space in his trailer home, and using cash given to her by Allmond to pay some of his bills from her checking account, Allmond and wife did not support each other financially. The fact that each benefited financially from that financial arrangement did not establish that they were living together in a relationship analogous to marriage. They did not own property together. Allmond's name was not on wife's bank account. They did not hold themselves out as husband and wife to the community, nor did the evidence prove that they were involved in an intimate or romantic relationship with one another.

Based on the record and the standard of review, we cannot say the trial court improperly weighed the Pellegrin factors or that the evidence established that wife and Allmond lived in a relationship analogous to marriage. See Pellegrin, 31 Va. App. at 767, 525 S.E.2d at 617-18; Frey, 14 Va. App. at 275, 416 S.E.2d at 43.

For these reasons, we affirm the judgment of the trial court.

Affirmed.